IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRANKLIN R. PERKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-04-715-M |
| ) | |
| UNITED STATES OF AMERICA, ex rel., ) | |
| DR. JAMES G. ROCHE, Secretary, ) | |
| Department of the Air Force, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Before the Court is "Defendant Secretary of the Department of the Air Force's Motion for Summary Judgment" [docket no. 33], filed July 7, 2005. On December 12, 2005, Plaintiff filed his response. The motion has been fully briefed and is now ripe for adjudication.

I   INTRODUCTION[1]

Plaintiff Franklin R. Perkins, a civilian employee of the United States Department of the Air Force ("Air Force"), was promoted effective June 30, 2002, to supervisory industrial engineering technician. Plaintiff's new immediate supervisor was Allen Decker, branch chief. Plaintiff's relationship with Mr. Decker was difficult, and this difficulty led Mr. Decker to give Plaintiff low marks on his performance evaluation in October of 2002, which, in turn, led to Plaintiff's return to his former position as an industrial engineering technician in November of 2002. Plaintiff asserts that the low evaluation and the demotion were discriminatory in nature and that he immediately notified Mr. Decker's supervisors of his objection to both.

In January of 2003, Plaintiff contacted an Equal Employment Opportunity Commission

---

[1] The following facts are described in the light most favorable to Plaintiff. Immaterial facts or factual averments not supported by the record are omitted.

("EEOC") counselor on another matter and was informed that he had forty-five (45) days to initiate contact with an EEOC counselor after any allegedly discriminatory event or adverse employment action. Plaintiff asserts that this is when he first learned of the forty-five (45) day requirement despite the fact that posters setting forth the requirement were posted in the break room, and that Plaintiff had previously attended an EEOC training block.

Plaintiff contacted an EEOC counselor regarding matters of concern in the instant action in April of 2003. On May 14, 2003, Plaintiff filed an informal EEOC complaint, and on July 21, 2003, Plaintiff filed a formal EEOC complaint citing the October, 2002 evaluation and the November, 2002 demotion. On August 13, 2003, Defendant issued its final decision dismissing Plaintiff's complaint as untimely, and on March 12, 2004, the EEOC affirmed Defendant's decision.

Plaintiff brings this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964.[2] Defendant moves for summary judgment on the ground that Perkins failed to properly exhaust his administrative remedies under 29 C.F.R. § 1614.105(a)(1).

## II.     SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law" that is "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," *19 Solid Waste Dep't Mechanics v. City of Albequerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted). When deciding whether summary judgment is appropriate, the Court views the evidence in the light most favorable to the nonmoving party and

---

[2]Plaintiff's § 1981, Fifth Amendment, and Fourteenth Amendment claims were dismissed by this Court's February 16, 2005 Order.

draws all reasonable inferences in their favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255; *Simms v. Oklahoma ex rel. Dep't of Mental Health*, 165 F.3d 1321, 1326 (10th Cir. 1999).

At the summary judgment stage the Court's function is not to weigh the evidence, but to determine whether there is a genuine issue of material fact for trial. *Willis v. Midland Risk Ins. Co.*, 42 F.3d 607, 611 (10th Cir. 1994). "An issue is genuine if, [viewing the full record] there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson*, 477 U.S. at 248). "The mere existence of a scintilla of evidence in support of the [Plaintiff]'s position is insufficient to create a dispute of fact that is 'genuine' . . . ." *Lawmaster v. Ward*, 125 F.3d 1341, 1347 (10th Cir. 1997). "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *See Adler*, 144 F.3d at 670 (citing *Anderson*, 477 U.S. at 248). Where the undisputed facts establish that a plaintiff cannot prove an essential element of a cause of action, defendant is entitled to judgment on that cause of action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), cited in *Rocking Chair Enters., L.L.C. v. Macerich SCG Ltd. P'ship*, 407 F. Supp. 2d 1263 (W.D. Okla. 2005).

III.   DISCUSSION

Defendant contends that Plaintiff's Title VII claim must be dismissed for failure to exhaust administrative remedies. Specifically, Defendant asserts that Plaintiff failed to initiate contact with an EEOC counselor within forty-five (45) days of the act giving rise to his claim. Plaintiff asserts that the forty-five (45) day time limit should be extended under the facts of this case.

The Tenth Circuit has held that "exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII." *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1325

(10th Cir. 2002). Although failure to file an administrative charge prior to filing suit in federal court is a jurisdictional bar, "failure to *timely* file an administrative charge . . . is not jurisdictional . . . ." *Id.* Thus, a plaintiff's untimely filing of an administrative charge is not an absolute bar to judicial relief, provided that the plaintiff demonstrates that the expired time should be extended.

Pursuant to EEOC regulations, Plaintiff's complaint will be dismissed as untimely unless he initiated contact with an EEOC counselor within forty-five (45) days of the alleged discriminatory act. 29 C.F.R. § 1614.105(a)(1).[3] Two methods, one mandatory and one discretionary, exist for extending the forty-five (45) day time limit to initiate contact with an EEO counselor. EEO regulations mandate that the forty-five (45) day time limit shall be extended

> when the individual shows [1] that he or she was not notified of the time limits and was not otherwise aware of them, [2] that he or she did not know and reasonably should not have . . . known that the discriminatory matter or personnel action occurred, [3] that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or [4] for other reasons considered sufficient by the agency or the Commission.

29 C.F.R. § 1614.105(a)(2).[4] The EEO regulations also provide for a discretionary extension of the forty-five (45) day time limit under the doctrine of equitable tolling. 29 C.F.R. § 1614.604(c).

In the case at bar, Plaintiff alleges that he was discriminated against on two occasions: (1) on October 9, 2002, when he recieved a poor performance evaluation, and (2) on November 7, 2002, when his temporary promotion was rescinded. Plaintiff admits that he first contacted an EEO

---

[3]This section provides in relevant part, "[a]n aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory . . . ." 29 C.F.R. § 1614.105(a)(1).

[4]Plaintiff does not assert, and presents no evidence to establish, that the third mandatory exception applies.

counselor on April 11, 2003, well after the expiration of the forty-five (45) day time limit prescribed by § 1614.105(a)(1). He argues, however, that the forty-five (45) day time limit should be extended because (1) he was unaware of the time limitation; (2) he did not know discriminatory acts had occurred because he did not know they were discriminatory in nature until several months after they occurred; and (3) there are "other sufficient reasons." Plaintiff also asserts that the doctrine of equitable tolling should apply because he was erroneously informed of his right to appeal the allegedly discriminatory acts.

      A.      Mandatory Extension of the Time Limit

Plaintiff asserts that he was not aware of the forty-five (45) day time limit and, consequently, falls within the first mandatory exception. Defendant asserts that posters setting forth the requirement to contact an EEOC counselor within forty-five (45) days of a personnel action of concern were posted in Plaintiff's work area and in the break rooms in his building. In his affidavit Plaintiff denies that posters advising of the forth-five (45) day time limit were posted in his immediate work area but admits that such posters were posted in the break room.[5] Defendant also asserts that Plaintiff completed EEOC training in 1998. Plaintiff admits that he received EEOC training but states that it was only introductory in nature and did not provide detailed descriptions of the requirements. Defendant further asserts that Plaintiff knew of the forty-five (45) day time limit because, on January 29, 2003, Plaintiff signed an Election for Alternate Dispute Resolution in another case which included the following statement:

> This is to certify that I have been counseled concerning my rignts for presenting allegations of prohibited discrimination with an EEO

---

[5]Plaintiff asserts that he did not frequent the break room but does not assert that he never used the break room.

> Counselor. This includes the fact that I have specifically been told of the 45-calendar [sic] time frame for raising an allegation of prohibited discrimination with a Counselor.

Defendant's Exhibit 11 Attached to its Motion for Summary Judgment. Plaintiff admits that he met with an EEO counselor and was advised of the forty-five (45) day time limit on January 29, 2003.

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to Plaintiff, the Court finds that the undisputed facts establish that posters setting forth the forty-five (45) day requirement for contacting an EEO counselor were posted in the break room and that Plaintiff was aware of the forty-five (45) day requirement as of January 29, 2003 when he signed the Election of Alternate Dispute Resolution which set forth the requirement. The Court further finds that Plaintiff did not contact an EEO counselor concerning the alleged discrimination that is the subject of the instant action until April, 2003, at least sixty (60) days after January 29, 2003, and more than 120 days after the latest allegedly discriminatory act.

Accordingly, the Court finds that there is no genuine issue of material fact as to whether the first mandatory exception should apply. Specifically, the Court finds that the undisputed facts, taken as a whole, could not lead a rational trier of fact to conclude that as of January 23, 2003, Plaintiff did not know about the forty-five (45) day requirement, or that Plaintiff contacted an EEO counselor within forty-five (45) days of acquiring this knowledge.

Plaintiff asserts that he was not aware of the discriminatory nature of the evaluation and demotion until months after they occurred, and, thus, the second mandatory exception applies. The Tenth Circuit has held that in regard to the accrual of a discrimination claim, "'[w]e may presume that many facts will come to light after the date of [a disciplinary action] . . ., and indeed one purpose of a charge and a complaint is to initiate the process of uncovering them, . . . [nevertheless,

a plaintiff is] on notice at the moment [of the personnel action] to inquire whether there was [a] discriminatory motive.'" *Hulsey v. Kmart, Inc.*, 43 F.3d 555, 558 (10th Cir. 1994) (quoting *Olson v. Mobil Oil Corp.*, 904 F.2d 198, 202-03 (4th Cir. 1990)). "[I]t is knowledge of the adverse employment decision itself that triggers the running of the statute of limitations." *Id.* at 559 (citing *Hamilton v. 1st Source Bank*, 928 F.2d 86, 88-89 (4th Cir. 1990) ("to the extent that notice enters the analysis, it is notice of the employer's actions, not the notice of a discriminatory effect or motivation, that establishes the commencement of the pertinent filing period.")).

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to Plaintiff, the Court finds that there is no genuine issue of material fact as to whether the second mandatory exception should apply. Specifically, the Court finds that the undisputed facts show that the acts which Plaintiff alleges were discriminatory occurred in October and November of 2002 and that, based on *Hulsey*, whether Plaintiff was aware of their discriminatory nature or not is of no consequence.

Plaintiff asserts that the fourth mandatory exception to the forty-five (45) day time limit applies in this case. However, the Court finds that Plaintiff has failed to put forth any evidence or argument regarding any "other reasons considered sufficient by the agency or the Commission." In fact, it is undisputed that both the agency and the EEOC have already determined that the forty-five (45) day requirement should not be extended in the instant matter. *See* Defendant's Exhibit 6 Attached to its Motion for Summary Judgment.

Accordingly, having carefully reviewed the parties' submissions, the Court finds that there is no genuine issue of material fact as to whether the fourth mandatory exception applies. Specifically, the Court finds that the undisputed facts, taken as a whole, could not lead a rational

trier of fact to find that there are "other reasons" the agency or the EEOC would have considered sufficient to extend the forty-five (45) day time limit in this matter.

Accordingly, the Court finds that no mandatory extension of time applies in the case at bar.

B.      Equitable Tolling

The United States Supreme Court has advised federal courts to apply equitable doctrines, such as equitable tolling, sparingly. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). In the Tenth Circuit, "time limits contained in Title VII will be tolled only where the circumstances of the case rise to a level of 'active deception' sufficient to invoke the powers of equity. For instance . . . [where] a plaintiff is 'actively misled,' or 'has in some extraordinary way been prevented from asserting his or her rights.'" *Martinex v. Orr*, 738 F.2d 1107, 1110 (10th Cir. 1984) (citations omitted) (quoting *Wilkerson v. Siegfried Ins. Agency, Inc.*, 683 F.2d 344, 348 (10th Cir. 1982)).

In the case at bar, Defendant asserts that there is no basis for application of the doctrine of equitable tolling. Although Defendant admits it did not inform Plaintiff of his EEOC rights in its November, 2002 letter, Defendant contends that it was not required to do so and that, as such, the letter is not evidence of active deception on its part. Plaintiff asserts that the letter is evidence that Defendant actively misled him. The letter provides, in pertinent part: "This is not an adverse action and may not be appealed to the Merit System Protect [A]ct. You may contest this action under the Administrative Grievance [S]ystem in AFI 36-1203 if you so desire." Defendant's Exhibit 2, ¶ 2 Attached to its Motion for Summary Judgment. Plaintiff further asserts that the Administrative Grievance System instruction to which he was directed does not even apply to Defendant's decision to remove Plaintiff from his supervisory position for failing to satisfactorily complete the

8

probationary period. *See* Plaintiff's Exhibit A Attached to his Response to Defendant's Motion for Summary Judgment. Subsection E of AFI 36-1203 provides, in pertinent part, that "[a]ny employment matter may be grieved under this procedure except for . . . [t]he return of an employee serving a probationary period as a supervisor or manager to a non-supervisory or nonmanagerial position for failure to satisfactorily complete the probationary period." Plaintiff's Exhibit A Attached to his Response to Defendant's Motion for Summary Judgment.

Having carefully considered the parties' submissions, and viewing the evidence in the light most favorable to Plaintiff, the Court finds that there is a genuine issue of material fact as to whether equitable tolling should apply to extend the forty-five (45) day time limit for Plaintiff to contact an EEO counselor. Specifically, the Court finds that Plaintiff has put forth evidence that he was actively misled. As such, the Court finds that Defendant is not entitled to summary judgment on the issue of Plaintiff's failure to exhaust administrative remedies.

IV.   CONCLUSION

For the reasons set forth in detail above, the Court finds that Defendant Secretary of the Department of the Air Force's Motion for Summary Judgment [docket no. 33] should be DENIED.

**IT IS SO ORDERED this 31st day of March, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE