**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| FRANKLIN R. PERKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-04-715-M |
| ) | |
| UNITED STATES OF AMERICA, ex rel., ) | |
| DR. JAMES G. ROCHE, Secretary, ) | |
| Department of the Air Force, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is "Defendant's Motion for Summary Judgment" [docket no. 71], filed July 3, 2006. On August 8, 2006, Plaintiff filed his response and on August 28, 2006, Defendant filed its reply. The motion has been fully briefed and is now ripe for adjudication.

I    INTRODUCTION[1]

Plaintiff Franklin R. Perkins, a civilian employee of the United States Department of the Air Force ("Air Force"), was promoted effective June 30, 2002, to supervisory industrial engineering technician subject to Plaintiff's successful completion of a probationary period of one year. Plaintiff's new immediate supervisor was Allen Decker ("Decker"), branch chief. Plaintiff's relationship with Decker and others including Linda Thomas, employee relations specialist, was difficult, and this difficulty led Mr. Decker to give Plaintiff low marks on his performance evaluation in October of 2002, which, in turn, *inter alia* led to Plaintiff's return to his former position as an industrial engineering technician in November of 2002. Plaintiff asserts that the low evaluation and the demotion were discriminatory in nature and that he immediately notified Mr.

---

[1]The following facts are described in the light most favorable to Plaintiff. Immaterial facts or factual averments not supported by the record are omitted.

Decker's supervisors of his objection to both.

Plaintiff brings this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964.[2] Defendant moves for summary judgment.[3]

## II.   SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law" that is "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted). When deciding whether summary judgment is appropriate, the Court views the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in their favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255; *Simms v. Oklahoma ex rel. Dep't of Mental Health*, 165 F.3d 1321, 1326 (10th Cir. 1999).

At the summary judgment stage the Court's function is not to weigh the evidence, but to determine whether there is a genuine issue of material fact for trial. *Willis v. Midland Risk Ins. Co.*, 42 F.3d 607, 611 (10th Cir. 1994). "An issue is genuine if, [viewing the full record] there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson*, 477 U.S. at 248). "The mere existence of a scintilla of evidence in support of the [Plaintiff]'s position is

---

[2] Plaintiff's § 1981, Fifth Amendment, and Fourteenth Amendment claims were dismissed by this Court's February 16, 2005 Order.

[3] Defendant did not seek leave of Court as required by Local Civil Rule 56.1 to file the instant motion, which is Defendant's second motion for summary judgment. While the Court does not condone Defendant's failure to seek leave of Court, it finds that it is proper to consider the instant motion in the interest of judicial economy.

insufficient to create a dispute of fact that is 'genuine' . . . ." *Lawmaster v. Ward*, 125 F.3d 1341, 1347 (10th Cir. 1997). "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *See Adler*, 144 F.3d at 670 (citing *Anderson*, 477 U.S. at 248). Where the undisputed facts establish that a plaintiff cannot prove an essential element of a cause of action, defendant is entitled to judgment on that cause of action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), cited in *Rocking Chair Enters., LLC v. Macerich SCG Ltd. P'ship*, 407 F. Supp. 2d 1263 (W.D. Okla. 2005).

III.   DISCUSSION

Title VII prohibits an employer from discriminating against an employee on the basis of, among other things, the employee's race, color, national origin, and/or religion. *See* 42 U.S.C. § 2000e-2(a). A plaintiff alleging discrimination may prove intentional discrimination through either direct evidence of discrimination or indirect evidence of discrimination. *See Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1225 (10th Cir. 2000). Where, as here, there is no direct evidence of discrimination, the court applies the three-step, burden shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Kendrick*, 220 F.3d at 1225.

> Under the *McDonnell Douglas* framework, the plaintiff must carry the initial burden under the statute of establishing a prima facie case of [ ] discrimination. Once the plaintiff has established a prima facie case, the burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason for its employment action. If the defendant makes this showing, the plaintiff must then show that the defendant's justification is pretextual.

*Kendrick*, 220 F.3d at 1226 (internal quotations and citations omitted).

To establish a prima facie case of discriminatory discharge, a plaintiff must show that: (1) he belongs to a protected class; (2) he suffered an adverse employment action; and (3) he had been

satisfactorily performing his job. *Watts v. City of Norman*, 270 F.3d 1288, 1292 (10th Cir. 2001). For purposes of summary judgment, Defendant does not dispute that Plaintiff, an African American, belongs to a protected class. Defendant also does not dispute that Plaintiff was removed from his position as supervisor or that this removal constituted an adverse employment action. Defendant, however, does dispute the remaining element of Plaintiff's prima facie case. Nevertheless, for the purposes of this order, the Court finds analysis of the third element unnecessary and assumes that Plaintiff has established a prima facie case of discriminatory discharge.[4]

Once Plaintiff has established a prima facie case of discrimination, the burden shifts to Defendant to articulate a legitimate, non-discriminatory reason for terminating Plaintiff's employment. *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 255 (1981); *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577 (1978).

Defendant asserts Plaintiff was discharged because of his uncooperative demeanor, poor communication skills, and condescending and disrespectful manner of speaking to co-workers. Defendant further asserts that Plaintiff's reaction to the progress review was inappropriate, that he conducted himself poorly in meetings in that he was rude and disruptive and displayed an unwillingness to follow advice, and that Plaintiff was overly defensive in response to negative feedback. Finally, Defendant asserts Plaintiff's performance on the KC-135 Source of Repair Plan ("SORAP") project was unsatisfactory and that Plaintiff lacked the necessary skills and aptitude for the supervisory position. In light of the foregoing, the Court finds Defendant has met its burden to produce a legitimate, non-discriminatory reason for terminating Plaintiff's employment.

---

[4] The Court, however, would note that the evidence submitted does indicate that Plaintiff was not satisfactorily performing his job.

Because Defendant has provided a legitimate, non-discriminatory reason for discharging Plaintiff, the burden shifts to Plaintiff to show that there is a genuine issue of material fact as to whether Defendant's explanation is pretextual.  Pretext can be established if the Plaintiff shows either "that a discriminatory reason more likely motivated the employer or . . . that the employer's proffered explanation is unworthy of credence."  *Texas Dep't of Cmty. Affairs*, 450 U.S. at 256 (citation omitted).  Also, "[a] plaintiff may show pretext by demonstrating 'such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons.'" *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir.1999) (quoting *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir.1997)).  "[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000).

To establish pretext, Plaintiff relies on the fact that he was replaced by a non-black.  The Court finds that this does not establish pretext because Plaintiff was replaced by Lonnie Valencia who, as a Hispanic male, also belongs to a protected class.  Plaintiff also relies on the fact that he and Bostick were the only African American employees under Decker's supervision and that "both were removed during 2002."  The Court finds that this does not establish pretext because, according to Plaintiff, "Decker took no known action to remove Bostick from his supervisory position."  Plaintiff's response at 12.  Additionally, Plaintiff asserts that he and another supervisor, Michael Clonce, selected people for a GS-0895-11 position for which GS-1152-09's were believed to qualify.

Plaintiff selected an African American female and Clonce selected a white female. According to Plaintiff, Decker, Corcoran and another employee determined that GS-1152-09's did not qualify for the position. Subsequently, Plaintiff's selection was disqualified and denied her promotion because of her GS-1152-09 status while Clonce's white employee was retained. The Court finds that this also fails to establish pretext because Plaintiff does not allege or provide evidence to show that Clonce's selection was also a GS-1152-09 and thus disqualified. Finally, Plaintiff asserts that Decker did not comply with the mandatory procedure governing situations where an employee fails to complete the probationary period and directs the Court to paragraph 4.7 of the Air Force Instruction 36-1001. The Court finds that this allegation also fails to establish pretext because Plaintiff admits that the letter from Decker removing Plaintiff from his supervisory position "appears to comply with the requirements [of paragraph 4.7]."

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to Plaintiff and viewing all reasonable inferences in Plaintiff's favor, as the Court must when addressing a motion for summary judgment, the Court finds Plaintiff has not presented sufficient evidence to create a genuine issue of material fact as to whether Defendant's explanation is pretextual. Specifically, Plaintiff admits that he completed the KC-135 Source Repair Plan after the deadline had expired. Plaintiff submitted emails he exchanged with Larry Mullinax, a fellow employee, and Linda Thomas which also demonstrate the difficulty he was having communicating with fellow employees. Additionally, Plaintiff admits that he did not hear Decker use any specific racial terms. The Court finds that Plaintiff has failed to show any inconsistencies or contradictions in Defendant's proffered reason and that the evidence overwhelmingly supports Defendant's proffered reason, and, thus, there is no genuine issue of

material fact to support Plaintiff's claim.

IV.     CONCLUSION

For the reasons set forth in detail above, the Court GRANTS Defendant's Motion for Summary Judgment [docket no. 71].

**IT IS SO ORDERED this 6th day of September, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE